IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANET ADAMS and RANDY ADAMS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:19-cv-870-SDJ-KPJ |
| MEDTRONIC, INC., *et al.*, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Non-Party Jeffrey Kerr, M.D.'s ("Dr. Kerr") Motion to Quash Deposition Subpoena and Motion for Protective Order (the "Motion to Quash") (Dkt. 127), to which Defendants Medtronic, Inc., Covidien LP, Covidien Sales LLC, and Covidien Holding, Inc. (collectively, "Defendants") filed a response (the "Response") (Dkt. 131). For the reasons that follow, the Court **DENIES IN PART** the Motion to Quash (Dkt. 127).

### I. BACKGROUND

On November 28, 2023, Dr. Kerr filed the Motion to Quash (Dkt. 127), wherein he represents that he was served with Defendants' Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") on November 10, 2023. Dkt. 127 at 1. Dr. Kerr represents that the Subpoena requires him to appear for a deposition on December 4, 2023, "[a] date that was unilaterally chosen for it to occur." *Id.* Dr. Kerr objects to the subpoena on the grounds that (1) he is not available on the chosen date, and (2) "to the extent it requires him to testify to matters which are confidential and exempt from discovery pursuant to the Medical Peer Review Committee Privilege and/or the Hospital Committee Privilege pursuant to Tex. Occ. Code Ann. §§ 160.007, 303.006, and the Tex. Health & Safety Code Ann. § 161.032(a)." *Id.*

1

On December 1, 2023, the Court issued an Order (Dkt. 129) granting the Motion to Quash (Dkt. 127) in part because Dr. Kerr was not available on the noticed date. Dkt. 129 at 1. The Court ordered the parties to reschedule the deposition at a date and time agreeable to both Dr. Kerr and Defendants. *Id.* The Court further ordered Defendants to file their response to Dr. Kerr's second ground for objection by December 5, 2023, and Dr. Kerr to file his reply by December 8, 2023. *Id.* On December 5, 2023, Defendants filed the Response (Dkt. 131), wherein they raise two arguments: (1) Dr. Kerr has discoverable information; and (2) Dr. Kerr's blanket privilege objection is improper. Dkt. 131 at 3–5. Dr. Kerr did not file a reply.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 45 concerns the court's authority to modify or quash a subpoena. The Court must quash or modify a subpoena on motion when it "(i) fails to allow a reasonable time for compliance; (ii) requires a person [to travel more than 100 miles from where the person resides]; (iii) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). Where the moving party asserts the subpoenaed information is privileged or protected, the party must: "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FED. R. CIV. P. 45(e)(2)(A).

"The party seeking to quash the subpoena bears the burden of demonstrating that 'compliance with the subpoena would be unreasonable and oppressive,' or that compliance will lead to disclosing privileged or protected material." *Rotstain v. Trustmark Nat'l Bank*, No. 09-cv-2384, 2020 WL 12968651, at *4 (N.D. Tex. Mar. 10, 2020) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). "The moving party opposing discovery must

show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (quoting *Lead GHR Enters., Inc. v. Am. States Ins. Co.*, No. 17-mc-91, at *6 (N.D. Tex. Dec. 14, 2017)) (internal quotations omitted). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818.

"Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents [or information] and the nature and importance of the litigation." *Id.* (internal quotations omitted). In addition, "if the person to whom the document [or deposition] request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.*

"[D]iscovery from a third party as permitted through a subpoena issued under Rule 45 is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action, and '[d]iscovery outside of this scope is not permitted.'" *MetroPCS v. Thomas*, 327 F.R.D. 600, 609–10 (N.D. Tex. 2018) (citations omitted). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Therefore, information must be "nonprivileged, relevant, and proportional to the needs of the case to constitute discoverable information." *Rotstain*, 2020 WL 12968651, at *4.

### III.  ANALYSIS

Dr. Kerr objects to the deposition notice "to the extent it requires him to testify to matters which are confidential and exempt from discovery pursuant to the Medical Peer Review Committee Privilege and/or Hospital Committee Privilege pursuant to Tex. Occ. Code Ann. §§ 160.007, 303.006, and the Tex. Health & Safety Code Ann. § 161.032(a)." Dkt. 127 at 1.

Defendants respond that (1) Dr. Kerr has discoverable information; and (2) Dr. Kerr's blanket privilege objection is improper. Dkt. 131 at 3–4.

First, regarding the discoverability of information, Defendants argue that they identified Dr. Kerr as a fact witness based upon the deposition testimony of Dr. Novosad. Dkt. 131 at 3. Dr. Novosad testified that she recalled having two conversations with Dr. Kerr concerning Plaintiff Janet Adams's ("Ms. Adams") surgery: (1) Dr. Novosad recalled having a conversation with Dr. Kerr about Ms. Adams's surgery within a week or two of the original surgery; and (2) Dr. Novosad spoke with Dr. Kerr about what was done with the stapler after the surgery. *Id.* at 3–4. Thus, Defendants argue they are entitled to depose Dr. Kerr regarding the subject stapler, his knowledge surrounding the disposition of the subject stapler, and his knowledge regarding any findings as to whether an alleged misfire occurred. *Id.* at 4. The Third Amended Complaint (Dkt. 82) asserts a surgical stapler manufactured by Defendants malfunctioned during Plaintiff's surgery and failed to function in a way it was designed to function. Dkt. 82 at 3. Therefore, Dr. Kerr's knowledge as to what occurred in Ms. Adams's surgery is relevant to the dispute and, thus, is discoverable.

Second, regarding whether the information sought from Dr. Kerr is privileged, Texas Occupations Code Section 160.007 states, "Except as otherwise provided by this subtitle, each proceeding or record of a medical peer review committee is confidential, and any communication made to a medical peer review committee is privileged." TEX. OCC. CODE ANN. § 160.007(a). Texas Occupations Code Section 303.006 states, "Except as otherwise provided by this chapter, a nursing peer review committee proceeding is confidential and any communication made to a nursing peer review committee is privileged." *Id*. § 303.006(a). Texas Health and Safety Code Section 161.032 states, "The records and proceedings of a medical committee are confidential and are not subject to court subpoena." TEX. HEALTH & SAFETY CODE ANN. § 161.032.

4

Dr. Kerr has alleged no facts in the Motion to Quash (Dkt. 127) that allow the Court to assess the applicability of the above privilege provisions to the information that would be requested from him at a deposition in this matter. Dr. Kerr has not alleged participation in a medical peer review or nursing peer review that would invoke the applicability of Sections 160.007 and 303.006 of the Texas Occupations Code. Nor has Dr. Kerr alleged participation in a medical committee that would invoke the applicability of Section 161.032 of the Texas Health and Safety Code. Moreover, Dr. Kerr has provided no information regarding his relationship to this matter. *See* FED. R. CIV. P. 45(e)(2)(A) ("A person withholding subpoenaed information under a claim that it is privileged . . . must . . . describe the nature of the withheld . . . communications . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."). Accordingly, the Court cannot find that the information Defendants seek in deposing Dr. Kerr is subject to the privileges asserted in the Motion to Quash (Dkt. 127).

Further, to the extent that a question during Dr. Kerr's deposition does elicit an answer that falls within one of the privileges identified above, an objection based on privilege can be asserted at that time. *See Rotstain*, 2020 WL 12968651, at *4 (finding that imposing a blanket order barring deposition because the deponent may hold privileged information was inappropriate at this stage and explaining that the deponent may object to questions that call for privileged answers during the deposition); *E.E.O.C. v. Greater Metroplex Interiors, Inc.*, No. 08-cv-1362, 2009 WL 412934, at *2 (N.D. Tex. Feb. 17, 2009) ("If defense counsel inquires into any matters that are privileged, cumulative, or otherwise improper, the [deposed party] may object on a question-by-question basis."); *Schmidt Tr. of Est. of Border Anesthesia Servs., P.C. v. McKee*, No. 10-20, 2012 WL 13137023, at *4 (S.D. Tex. Feb. 21, 2012) (explaining that to the extent the subpoena seeks privileged information, objections should be raised during the deposition to questions that require

privileged answers).

## IV.    CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the Motion to Quash (Dkt. 127) is **DENIED IN PART**. Defendants shall be permitted to depose Dr. Kerr in accordance with the subpoena, at a time and date mutually agreeable to Defendants and Dr. Kerr.

**So ORDERED and SIGNED this 9th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE